# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA

## Case No. 23-cr-20464-BLOOM

**UNITED STATES OF AMERICA**

vs.

**VICTOR MANUEL ROCHA,**

      **Defendant.**

_____/

## GOVERNMENT'S NOTICE REGARDING RESTITUTION

This Court has scheduled a restitution hearing for Friday, June 21, 2024. While we defer to the Court regarding the need for a hearing, no restitution is due, for the reasons stated below.

Simply put, for purposes of restitution in this criminal case, the only victim, as the law defines it, of the offenses to which the Defendant pleaded guilty is the United States. The Defendant's financial penalty to the United States is captured by his plea agreement, which included a $500,000.00 fine. The Defendant has now paid that fine, and the United States is not seeking any additional money from him at this time. To reiterate from the prior hearing, the plea agreement contains significant sanctions beyond the payment of money. In addition to 15 years' imprisonment, a virtual life sentence, the Defendant must cooperate with the United States, an extremely important obligation of tremendous national security value, which the Defendant must undertake with no promise of any future sentence reduction. The Defendant also agreed to other financial restrictions that are, frankly, unprecedented for these charges, including requirements that he forfeit all future money due from the United States and that he relinquish any profits he or his family may earn from publicity about his case. These sanctions are appropriately harsh punishments that make any further payments to the United States unnecessary at this time.

We respect the Court's desire, expressed during the plea colloquy, to ensure that any other potential victims of the Defendant's criminal conduct be afforded their rights under the law to receive restitution. It remains the case, however, that there are no other victims entitled to restitution. (The government here addresses only restitution as part of the Defendant's judgment in this criminal proceeding; nothing in the plea agreement or any aspect of this prosecution precludes any person from seeking damages or other relief from the Defendant in any other forum).

The Mandatory Victim Restitution Act ("MVRA") defines a victim potentially entitled to restitution as "a person directly and proximately harmed as a result of the commission of an offense for which restitution may be ordered." 18 U.S.C. 3663A(a)(2). The MVRA applies to several enumerated offenses inapplicable here, or to any offense "in which an identifiable victim or victims has suffered a physical injury or pecuniary loss." 18 U.S.C. 3663A(c)(1)(B). To establish that a party is an identifiable victim under the MVRA, the Court must find "not only that a particular loss would not have occurred *but for* conduct underlying the offense of conviction, but also that the casual connection between the conduct and loss is not too attenuated (either factually or temporally)." *United States v. Robertson*, 493 F.3d 1322, 1334 (11th Cir. 2007); *In re Stewart*, 552 F.3d 1285, 1288 (11th Cir. 2008).[1] "Any dispute as to the proper amount or type of restitution shall be resolved by the court by the preponderance of the evidence." 18 U.S.C. 3664(e).

---

[1] The Crime Victims Restitution Act ("CVRA"), 18 U.S.C. 3663, gives the Court discretion to make a restitution award to a victim in broader circumstances, but the definition of victim is the same as it is under the MVRA. 18 U.S.C. 3663(a)(2); *United States v. Rogers*, 2010 WL 1872855, *7-8 (N.D. Ga. April 12, 2010) (Using the MVRA to define "victim" under the CVRA). The CVRA also allows for restitution to be provided to persons who do not qualify as victims if agreed to by the parties in a plea agreement. The plea agreement in this case does not say the Defendant shall pay restitution under the CVRA or to persons who do not qualify as victims. *See* [ECF No. 34 at ¶ 18] ("The parties agree that the defendant remains liable for restitution, if any, that is due in connection with his charges of conviction, specifically Counts 1 and 2 of the Indictment, pursuant to the Mandatory Victims Restitution Act.").

2

Despite significant publicity about this case and the Defendant, no one has come forward to the prosecution team or to Probation with proof supporting a restitution award meeting this definition, or even an arguable claim.[2]  Nor would such an award be legally permissible based upon the information available to the prosecution.  A restitution claim must be established by specific proof showing by a preponderance of the evidence both "but for" causation and a lack of attenuation, as well as proof showing at least a reasonable approximation of the amount of pecuniary harm.  *See, e.g., Robertson*, 493 F.3d at 1334.  Further, while the defendant's conduct need not be the sole cause of the loss, "any subsequent action that contributes to the loss, such as an intervening cause, must be directly related to the defendant's conduct.  The casual chain may not extend so far, in terms of the facts or the time span, as to become unreasonable." *Id.*

The government possesses no information regarding any identifiable person that would satisfy each of these requirements.  If we did, we would argue for a fulsome restitution award as we do routinely before this Court in cases with less grave national security consequences.  But judges in this Circuit have made plain that a restitution award must be based "on more than mere speculation about a victim's actual losses." *United States v. Fiorentino*, 149 F. Supp. 3d 1352, 1358 (S.D. Fla. 2016).  *See also United States v. Singletary*, 649 F.3d 1212, 1222 (11th Cir. 2011) (explaining that the restitution amount "must be supported by specific factual findings"); *United States v. Futrell*, 209 F.3d 1286, 1291-92 (11th Cir. 2000) (holding that restitution may be approximated "so long as the basis for reasonable approximation is at hand"); *United States v. Somerville*, 2016 WL 6699142 *4-5 (N.D. Fla. 2016) (denying restitution claim because "[t]he

---

[2] We are aware of the allegations made in various letters filed with this Court by one individual. [ECF Nos. 37, 39, 40].  The FBI investigated those allegations, even interviewing this individual. We recognize the seriousness of his allegations and the general abuses of the Cuban regime, but he provided no information substantiating a restitution award to himself or anyone else in this case.

MVRA does not permit this court to award restitution in the absence of a causal connection between Defendant's criminal conduct and [an alleged victim's] losses," ultimately explaining that "[a] restitution amount cannot be woven solely from the gossamer strands of speculation and surmise … [w]ithout more specific evidence, any award of restitution would be an arbitrary calculation based on speculation and guess work, at best. This court is not permitted to impose a random restitution amount, unsupported by the evidence and divorced from the requirements of the MVRA." (citations and internal quotation marks omitted)).

Importantly, the Defendant was not charged by the Grand Jury with transmitting information to a foreign government in violation of 18 U.S.C. 794. The Defendant was ultimately convicted of two different crimes: acting as an agent of the Cuban Government without notifying the United States Attorney General, contrary to 18 U.S.C. 951, and conspiracy to commit an offense against, and to defraud, the United States, contrary to 18 U.S.C. 371. Neither crime of conviction has as an element that the Defendant unlawfully passed information to a foreign government regarding any particular individual, let alone that the recipient of the information then used it to cause quantifiable physical or pecuniary harm to the individual. These distinctions further erode any potential linkage between the Defendant's crimes of conviction and a restitution award to an identifiable victim. *See United States v. Benns*, 740 F.3d 370, 377 (5th Cir. 2014) (reversing district court for clear error, holding that a "restitution award can encompass only those losses that resulted directly from the offense for which the defendant was convicted"). The Government, in fact, is not aware of any case where a defendant was ordered to pay restitution based upon a § 951 conviction.

The absence of a provable restitution award that must be included in the Defendant's criminal case judgment does not in any way diminish the seriousness of his misconduct, or this

4

Court's entirely sound concern with ensuring Rocha's punishment serves the interests of justice. This prosecution is a ground-breaking and critical one for the United States. At every juncture of this process, the government has been mindful of how the Defendant's decades-long covert activity has affected all citizens of this country, but perhaps most especially those with ties to Cuba or who were harmed by Cuba's authoritarian regime. Nonetheless, there is no evidence to support a restitution award here. Importantly, however, nothing about the absence of restitution under the MVRA precludes any individual from pursuing a legitimate civil claim against the Defendant or otherwise lawfully seeking to vindicate his or her rights.

Respectfully submitted,

MARKENZY LAPOINTE
UNITED STATES ATTORNEY

By:  s/ *Jonathan D. Stratton*
JONATHAN D. STRATTON
ASSISTANT UNITED STATES ATTORNEY
Florida Bar No. 0093075
Email: jonathan.stratton@usdoj.gov

s/ *John C. Shipley*
JOHN C. SHIPLEY
SENIOR COUNSEL
Florida Bar No. 0069670
Email: john.shipley@usdoj.gov

/s *Heather Schmidt*
HEATHER SCHMIDT
TRIAL ATTORNEY
NATIONAL SECURITY DIVISION
Email: heather.schmidt@usdoj.gov

/s *Christine Bonomo*
CHRISTINE BONOMO
TRIAL ATTORNEY
NATIONAL SECURITY DIVISION
Email: christine.bonomo@usdoj.gov

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was filed with the Clerk of Court using CM/ECF, and that the foregoing document is being served this day on all counsel of record via Notices of Electronic Filing generated by CM/ECF.

s/ *Jonathan D. Stratton*
JONATHAN D. STRATTON
Assistant United States Attorney
